**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CHARLES RASO, TRUSTEE OF THE MASSACHUSETTS BRICKLAYERS AND MASONS HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, <br><br> Plaintiff, <br><br> v. <br><br> F.C. CONSTRUCTION CORPORATION and ALFRED COSTA, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) **C. A. No.:** |

**COMPLAINT**

Count I
(Request for Records)

1.      This is an action under the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1001, et seq., as amended by the Multi-Employer Pension Plan

Amendments Act ("MPPAA"), 29 U.S.C. § 1381 et seq., brought on behalf of Massachusetts

Bricklayers and Masons Health and Welfare, Pension and Annuity Funds ("Funds") for injunctive

relief.

2.      This court has jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and venue lies in this

district pursuant to 29 U.S.C. § 1132(e)(2).

3.      Plaintiff, Charles Raso, is the Trustee of the Funds and is a "fiduciary" within the

meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).  The Funds are "multi-employer

plans" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A) and "employee

benefit plans" or "plans" within the meaning of Section 3(3) of ERISA, 29 U.S.C., § 1002(3).  The

Funds have a principal office at and are administered from 645 Morrissey Boulevard, Boston, MA.

4.      Defendant F.C. Construction Corporation ("FC Construction") is an employer with a place of business in Westport, Massachusetts.

5.      Defendant FC Construction is an "employer" within the meaning of 29 U.S.C. § 1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. § 152(2), (6) and (7).

6.      Defendant Alfred Costa ("Costa") is an individual having an address in Tiverton, Rhode Island.

7.      Bricklayers and Allied Craftsmen Local Union No. 3 Massachusetts, Maine, New Hampshire, Rhode Island ("BAC Local 3") is a "labor organization" within the meaning of 29 U.S.C. §152(5).

8.      At all material times, Defendant FC Construction was obligated by the terms of one or more collective bargaining agreements ("CBA") between it and BAC Local 3 and by the terms of Agreements and Declarations of Trust of each Fund to make contribution payments to the Funds on behalf of certain employees.

9.      Monthly contributions are submitted by contributing employers to the Funds with required contributions reports which detail hours of service worked by employees covered by the CBA.

10.      Pursuant to the CBA and Trust agreements, Defendant FC Construction is required to provide the Fund with access to the pertinent payroll records and general ledgers, including, but not limited to, all quarterly and yearly payroll tax returns, payroll listings, time reports, cash disbursement journals, individual earnings records and checks, whenever such examination is deemed necessary by the Trustees, or their authorized representatives.

11.     Examination of such records is necessary for the proper administration of the Fund to ensure that contributions are reported and paid in compliance with the CBA and Trust Agreements and to ensure that benefits are properly paid to participants.

12.     Plaintiff has requested documents from Defendant FC Construction for the period of January 2017 through March 2018.  See attached Exhibit A.

13.     Defendant FC Construction has refused to comply with Plaintiff's request for records.

WHEREFORE, Plaintiff demands that judgment enter against Defendant FC Construction in accordance with Section 502 of ERISA, 29 U.S.C. § 1132(g)(2),

1.     Ordering Defendant to produce documents in compliance with its agreements as stated in Exhibit A of this Complaint;

2.     Ordering the Defendant to pay all costs and reasonable attorneys' fees incurred by the Funds in connection with this action; and

3.     Ordering such other and further relief as this court may deem just and proper.

Count II
(Delinquent Contributions)

14.     Plaintiff hereby incorporates by reference as if stated herein paragraphs 1 through 13 of this complaint.

15.     At all material times, Defendant FC Construction was obligated by the terms of one or more collective bargaining agreements between it and BAC Local 3 and by the terms of Agreements and Declarations of Trust of the Massachusetts Bricklayers and Masons Health and Welfare, Pension and Annuity Funds, to which Defendant FC Construction was bound to make contributions to the Funds on behalf of certain employees.

16.     Defendant FC Construction has failed to make required contributions to the Funds on a monthly basis in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

WHEREFORE, Plaintiff demands that judgment enter against the Defendant FC Construction in accordance with Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2):

A.      Awarding the Funds the following amounts:

     i.      the unpaid health, pension and annuity contributions;

     ii.      interest on unpaid health, pension and annuity contributions at a rate of 1.5% per month from the date payment was due;

     iii.      liquidated damages pursuant to the collective bargaining agreements;

     iv.      all costs and reasonable attorney's fees incurred by the Funds in connection with this action; and

B.      Ordering such other and further relief as this court may deem just and proper.

## Count III
### (as against Alfred Costa)

17.      Plaintiff hereby incorporates by reference as if stated herein paragraphs 1 through 16 of this complaint.

18.      Pursuant to Section 1.15 of each of the Funds' respective Trust Agreements, contributions that are due and owing but not yet paid are defined as "plan assets" of the Funds.

19.      Under ERISA § 3(31)(A), 29 U.S.C. § 1002(21)(A), a person is a fiduciary with respect to an ERISA plan to the extent he exercises control and/or any discretionary authority or control respecting management of such plan or exercises any authority or control respecting management or disposition of plan assets.

20.      Defendant Costa is the President and Treasurer of FC Construction.

21.      Defendant Costa executed the CBA between FC Construction and BAC Local 3.

22.      Upon information and belief and at all material times to this action, Defendant Costa exercised control and discretion over the assets of FC Construction including decisions

regarding the payment of contributions due and owing by FC Construction to the Funds.

23.     As such,  upon information and belief  Defendant Costa is a fiduciary of the Funds,
as defined in ERISA § 3(21)(A), 29 U.S.C.A. § 1002(21)(A).

24.     Upon information and belief, at all material times to this action, Defendant Costa,
acting within his discretion as fiduciary under ERISA, breached his duty as fiduciary when he
failed to make benefit contributions that were due and owing to the Funds.

25.     As a result of the breach of his fiduciary duty, Defendant Costa is personally liable
for the unpaid contributions owed to the Funds.

WHEREFORE, Plaintiff demands that judgment enter against Defendant Alfred Costa in
accordance with Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2):

A.     Awarding the Funds the following amounts:

    i.      the unpaid health, pension and annuity contributions;

    ii.     interest on unpaid health, pension and annuity contributions at a rate of
            1.5% per month from the date payment was due;

    iii.    liquidated damages pursuant to the collective bargaining agreements; and

    iv.     all costs and reasonable attorney's fees incurred by the Funds in
            connection with this action.

B.     Ordering such other and further relief as this court may deem just and proper.

Dated:  January 29, 2019                                    Respectfully submitted,

                                                            For the Plaintiff,


                                                            /s/ Renee J. Bushey
                                                            Renee J. Bushey, Esq.
                                                            BBO # 629444
                                                            rjb@fczlaw.com
                                                            Catherine M. Campbell, Esq.
                                                            BBO # 549397
                                                            cmc@fczlaw.com
                                                            **Feinberg, Campbell & Zack, P.C.**
                                                            177 Milk Street, 3rd Floor
                                                            Boston, MA 02109
                                                            (617) 338-1976


## CERTIFICATE OF SERVICE

I, Renee J. Bushey, hereby certify that I caused a copy of the foregoing to be mailed this date by certified mail, return receipt requested, to the United States Secretaries of Labor and Treasury.

Dated:  January 29, 2019                                    /s/ Renee J. Bushey
                                                            Renee J. Bushey, Esq.